## Ocean Accident & Guarantee Corporation, Limited, v. Heavrin.

(Decided October 29, 1929.)

LOUIS I. IGLEHEART and FRED FORCHT for appellant.

M. L. HEAVRIN and HARRY N. LUKINS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Appellee is a dentist. Appellant issued to him a policy by which, among other things, it agreed to pay him

a monthly indemnity of $200 on account of disability resulting from accidental means. Appellee shows that a physician, while attempting to insert a hypodermic needle in the vein of his arm, injured his arm so that, after he received the injury, he could not use his arm or practice dentistry. The company paid him the monthly indemnity for some months. It then refused to pay any longer, and he brought this suit. The issues were made up. The case came on for trial on June 11, 1928. The defendant filed an affidavit for a continuance on the ground of the absence of Dr. R. L. Wilder, an important witness for it. The motion for a continuance was sustained; the order of the court sustaining it concludes with these words:

"By agreement between the parties by counsel it is ordered and adjudged that the plaintiff may amend his petition to be filed at the first day of the October term of this court and by said amendment the plaintiff may set forth and claim the total amount of indemnity due under the contract sued on up to and including the last day of Sept. 1928."

On October 1, the plaintiff filed the amended petition referred to. On October 22, the defendant filed answer to the amended petition, and, the case coming on for hearing, the defendant again asked a continuance on the ground of the absence of Dr. R. L. Wilder, who lived in New York. The court overruled the motion for a continuance. The case was tried, and the court, at the conclusion of the evidence, instructed the jury to find for the plaintiff, which was done. The defendant appeals.

It is earnestly insisted that the court erred in refusing a continuance. But there was no surprise involved. It had been agreed in June that the amended petition might be filed, and the defendant filed its answer to it without objection, pursuant to the agreement. While the affidavit of the attorney for the defendant states that Dr. Wilder had agreed to come, and was taken sick on October 16, so that he could not be present, the defendant filed as part of the affidavit the affidavit of the doctor himself, which, after setting out that he has been requested to be present on the trial of the case, states his reason for absence in these words:

"On account of physical condition dependent upon a certain disease of the blood, on account of which he is more or less continuously under the care

of certain specialists in New York City, Boston, and other places, he, therefore, personally deems it inadvisable, on account of the fact that it might be detrimental to his health to make the journey and the stay necessarily incident to the trial of this action, set down for this time; that is, on or about Monday, October 22.''

This affidavit does not show the doctor was taken sick suddenly, but, on the contrary, it indicates that he had a chronic disease, and it does not show that his presence at the trial could reasonably be obtained if a continuance was granted. The case had been continued once for this witness. He had no personal knowledge of the facts of the case. His affidavit shows that, if present, he would only testify as an expert, giving his opinion as to whether or not the plaintiff had a disability which was the result of the injury referred to. The plaintiff testified on the trial that he had been examined by 20 physicians. Seven of these testified on the trial as witnesses; and it is hard to believe that the unsupported evidence of Dr. Wilder would have had much effect on the result of the case, if he had been introduced. The defendant had had since June to get his testimony, and if he was in the condition shown by his affidavit it should have taken his deposition, and should not have trusted to his being able to come to Kentucky and testify in the case. In view of all the facts, this court concludes that the circuit court did not abuse a sound discretion in refusing again to continue the case on account of the absence of Dr. Wilder. The trial court has of necessity a broad discretion in matters of this sort, and that discretion will not be reversed here, unless abused.

Appellant complains that the judgment is too large, in this, that the court treated each 30 days as a month. The contract reads that the defendant will pay $200 a month, but in another place it provides that the money will be paid each 30 days, and the payments it made after the injury were all made, counting 30 days as a month. This construction of the contract by the parties will not be disturbed here.

Judgment affirmed.